```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
JACQUELINE CAMERON, et al.,                                       :
                                                                  :
                            Plaintiffs,                           :    25-CV-00210 (JAV)
                                                                  :
            -v-                                                   :    ORDER
MARGARET WINTER,                                                  :
                                                                  :
                            Defendant.                            :
------------------------------------------------------------------:
                                                                  X
```

JEANNETTE A. VARGAS, United States District Judge:

On February 7, 2025, Defendant Margaret Winter ("Defendant") filed a Motion to Dismiss. *See* ECF No. 12. The Motion to Dismiss argues, *inter alia*, that the claim related to the alleged breach of fiduciary duty should be dismissed based on the doctrine of *forum non conveniens* and should be litigated in the Delaware Court of Chancery. *Id.* On May 16, 2025, Defendant filed a Motion to Partially Stay Discovery, citing her *forum non conveniens* argument as one of the grounds for the requested partial stay. *See* ECF No. 23. In her motion, Defendant distinguishes between two categories of claims: (1) those relating to breach of contract and declaratory judgment, and (2) those arising from alleged breaches of fiduciary duty. *Id.* at 1-2. Defendant now seeks to stay discovery related to the second category which she categorizes as "broader, more fact intensive claims." *Id.* at 1.

A motion to dismiss does not automatically stay discovery," and "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Hong Leong Finance Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citations omitted). Pursuant to Federal Rule of Civil Procedure 26(c)(1), "upon a showing of good cause a district court has considerable discretion to stay discovery." *Id.* (quoting *Integrated*

*Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. 2009)). "Good cause" is assessed through the application of the following three factors: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Morien v. Munich Reins. Am., Inc.*, 270 F.R.D. 65, 67 (D. Conn. 2010); *Shulman v. Becker & Poliakoff, LLP*, No. 17-CV-9330 (VM)(JLC), 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018). "The burden of showing good cause . . . falls on the party seeking the order" for a stay of discovery. *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (citation omitted).

After considering the three factors that courts in this Circuit evaluate, the Court does not find that there is good cause to partially stay discovery. First, "[m]ost of Defendant['s] arguments go to the forum in which the case will be adjudicated . . . and not to whether the case belongs in court at all. Thus, a stay of discovery would only postpone the inevitable." *P.C. v. Driscoll*, No. 24-cv-2496 (LJL), 2024 WL 3606511, at *2 (S.D.N.Y. July 30, 2024) (citation omitted). In terms of the second factor, Defendant has not adequately explained why discovery will be particularly burdensome. The three Requests for Production cited by Defendant appear to be consistent with common practice and narrowed in time and scope. ECF No. 23 at 2. Indeed, "some burden exists in all discovery." *Brawer v. Egan-Jones Ratings Co.*, 348 F.R.D. 182, 186 (S.D.N.Y. 2025). Lastly, "[w]hile it is true that the motion to dismiss may remain pending only for a matter of months, thus obviating the degree of prejudice, as noted previously a stay of discovery is the exception and not the rule in this District." *Metzner v. Quinnipiac Univ.*, 2020 WL 7232551, at *6 (D. Conn. Nov. 12, 2020).

Accordingly, Defendant's Motion to Partially Stay Discovery is DENIED. The Clerk of the Court is respectfully directed to terminate ECF No. 23.

SO ORDERED.

Dated: June 4, 2025  
New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge

3