UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JACQUELINE CAMERON and ALEXANDER                                   :
REICH,                                                             :
                                                                   :            25-CV-00210 (JAV)
                                    Plaintiffs,                    :
                                                                   :         MEMORANDUM OPINION
                -v-                                                :             AND ORDER
                                                                   :
MARGARET WINTER,                                                   :
                                                                   :
                                    Defendant.                     :
                                                                   :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Before the Court is Defendant Margaret Winter's motion to compel Plaintiffs Jacqueline

Cameron and Alexander Reich to produce certain documents identified as privileged and/or work

product, or in the alternative, facilitate *in camera* review of such documents.  ECF No. 39

("Mot.") at 4.  In particular, Defendants request (1) communications involving Plaintiff

Cameron, her husband, and her counsel, as well as communications between Plaintiff's husband

and Plaintiff Reich, Mot. at 2, and (2) communications between Plaintiff Reich and his father, a

law partner at Fox Rothschild, because that firm served as AYR's corporate counsel when the

Voting Agreement at issue in this litigation was executed.  Mot. at 4.

Plaintiffs claim that (1) the first category of documents is privileged because Cameron's

husband served as Cameron's agent in communications with her attorney and co-Plaintiff, ECF

No. 40 ("Opp'n") at 1-3, and (2) Reich's communications with his father, who is not purported

to have served as corporate counsel to AYR, are likewise privileged as part of an attorney-client

relationship.  Opp'n at 4.  Plaintiffs request that Defendant's motion be denied in its entirety, or

in the alternative, consent to *in camera* review prior to any order of disclosure.  Opp'n at 4.

New York law governs the attorney-client privilege in diversity cases. *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975); Fed. R. Evid. 501. The "privilege applies only when the communication from attorney to client is made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship[,] and the communication itself is primarily or predominantly of a legal character." *New York C.L. Union v. New York State Off. of Ct. Admin.*, No. 74, 2025 WL 2955709, at *3 (N.Y. Oct. 21, 2025) (cleaned up). Further, "[a]llowing privilege to attach in cases involving agents is justified by the need for the presence of persons who can aid the client in communicating or assist the lawyer in performing legal services." N.Y. C.P.L.R. 4503 (McKinney 2026).

"New York courts ordinarily find that the client's spouse was in fact an agent—and thus that his presence did not destroy the privilege—so long as a fairly minimal showing is made that the client reposed trust and confidence in her spouse and expected the communication to remain confidential notwithstanding his presence." *Shih v. Petal Card, Inc.*, 565 F. Supp. 3d 557, 573 (S.D.N.Y. 2021) (citing cases); *id.* ("[t]he test [for whether a spouse is an agent] is a relaxed one . . . defined by the client's reasonable expectation of confidentiality, not the absolute legal niceties of agency law"). Plaintiff Cameron has succeeded in making this minimal showing, so she has not waived attorney-client privilege over communications involving her, her husband, and her lawyer. *See also In re Lifetrade Litig.*, No. 17-CV-2987 (JPO) (KHP), 2022 WL 3644357, at *6 (S.D.N.Y. Aug. 24, 2022) ("the presence of a spouse would not in this case result in a waiver both because of the expectation of confidentiality and because most courts in New York find a spouse to be an agent") (citing cases). Because he is Plaintiff Cameron's agent, her husband's communications with Plaintiff Reich are likewise protected by privilege. *See, e.g.*, *In re Lifetrade Litig.,* 2022 WL3644357, at *4 (finding that what "[c]ourts in New York have

2

recognized [as] the so-called 'common interest' privilege – a doctrine protecting communications made between aligned parties and their attorneys when made to facilitate the provision of legal services or a coordinated legal state" – applies even "where no lawyers were present" if the discussion concerned the "common legal interest").  As such, the Court finds that all disputed communications with Plaintiff Cameron's husband are privileged.

The Court must evaluate the disputed communications between Plaintiff Reich and his father in order to determine whether they were "primarily or predominantly of a legal character" and "for the purpose of facilitating the rendition of legal advice or services." *New York C.L. Union*, 2025 WL 2955709, at *3 (cleaned up).

**CONCLUSION**

Accordingly, Defendant's motion is **DENIED IN PART.**  Plaintiffs are **ORDERED** to submit unredacted copies of the disputed Fox Rothschild LLP documents to the Court for *ex parte, in camera* review no later than **February 25, 2026**.  Defendant's motion to compel with respect to the remaining documents is denied.

SO ORDERED.

Dated: February 20, 2026
       New York, New York

_____
       JEANNETTE A. VARGAS
       United States District Judge

3
