UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                     :

JACQUELINE CAMERON and ALEXANDER     :
REICH,                                              :

                                            :          25-CV-00210 (JAV)
                      Plaintiffs,      :
                                            :             <u>ORDER</u>

       -v-                                    :
                                            :

MARGARET WINTER,                    :
                                           :

                      Defendant.      :
                                            :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On February 20, 2026, the Court ordered *ex parte in camera* review of disputed communications between Plaintiff Reich and his father to determine whether they were protected by attorney-client privilege.  ECF No. 42 ("Order").  Defendant moves to compel these documents because Plaintiff Reich's father is a law partner at Fox Rothschild, which served as AYR's corporate counsel when the Voting Agreement at issue in this litigation was executed.  ECF No. 39 ("Mot.") at 4.  Reich's father is not personally purported to have served as corporate counsel to AYR.  ECF No. 40 ("Opp'n") at 4.

New York law governs the attorney-client privilege in diversity cases.  *Dixon v. 80 Pine St. Corp.*, 516 F.2d 1278, 1280 (2d Cir. 1975); Fed. R. Evid. 501.  The "privilege applies only when the communication from attorney to client is made for the purpose of facilitating the rendition of legal advice or services, in the course of a professional relationship[,] and the communication itself is primarily or predominantly of a legal character."  *New York C.L. Union v. New York State Off. of Ct. Admin.*, No. 74, 2025 WL 2955709, at *3 (N.Y. Oct. 21, 2025) (cleaned up).  Where a party asserts that privilege protects communications with a family

member who is an attorney, "[t]he central inquiry" to determine whether an attorney-client relationship exists is the client's purpose in contacting said family member. *Astra Aktiebolag v. Andrx Pharms., Inc.*, 208 F.R.D. 92, 103 (S.D.N.Y. 2002) (cleaned up); *see also Lively v. Wayfarer Studios LLC*, No. 24-CV-10049 (LJL), 2025 WL 2606904, at *3 (S.D.N.Y. Sept. 9, 2025) ("a client's familial relationship with counsel neither imbues the communications with protection nor deprives them of privileged status." (cleaned up)); *People v. O'Connor*, 447 N.Y.S.2d 553, 556 (4th Dep't 1982) (applying New York's privilege laws to hold that "[t]he client must consult the attorney as an attorney, not as a friend or to engage him for non-legal matters").

In deposition testimony, Plaintiff Reich asserted that "Fox Rothschild and my father have been my longstanding attorneys in many aspects of business and life." Opp'n at 4.  The documents provided *ex parte* are consistent with this characterization.  Their purpose is quite plainly Plaintiff Reich's acquisition of legal advice from counsel with employment law expertise.

As such, the Court finds that all disputed communications with Plaintiff Reich's father are privileged, with a number additionally protected by the work-product doctrine.

**CONCLUSION**

Accordingly, Defendant's motion is **DENIED.**  The clerk of court is directed to terminate ECF No. 39.

SO ORDERED.

Dated: February 27, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge

2